UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SARAIL ARCHILLA, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 4:18-cv-0460-MHH-JEO |
| SCOTT HASSELL, et al., | ) ) ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

In his § 2241 habeas petition, Mr. Archilla challenges his continued detention by federal immigration authorities pending his removal from the United States. The magistrate judge to whom this case is assigned entered a report in which he recommended that the Court deny Mr. Archilla's petition for habeas relief because Mr. Archilla has not cooperated in his removal from the United States. (Doc. 10). Mr. Archilla responded to the report in a document captioned "Petitioner's Motion for Reversal of the Negative Recommendation." (Doc. 12). This Court will treat the motion as objections to the magistrate judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

**I.**

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A district court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

**II.**

Mr. Archilla is subject to an order of removal from the United States because he is not a citizen of the United States, and he entered the country illegally as a child. He asserts that his ICE detention has exceeded twelve months.[1] Mr. Archilla

---

[1] Mr. Archilla first encountered ICE officials in 2017 while he was in custody at a federal correctional facility in Georgia serving a 144-month sentence imposed in 2010 for conspiracy to possess with intent to distribute cocaine. It is not entirely clear from the record when Mr.

contends that he has not been successful in his attempts to assist in his removal because he does not know his country of origin. He knows that he entered the United States from Canada when he was a child, and he has not left since arriving, but he does not know whether he is a citizen of Canada. On November 7, 2017, Canadian officials notified ICE that they had no birth records matching information that Mr. Archilla provided. (Doc. 6-1, ¶ 11).

Based on leads that suggested that Mr. Archilla might be a citizen of Jamaica, ICE reached out to the Consulate General of Jamaica in Florida. Because of the limited information that Mr. Archilla was able to provide, the Consulate General has not been able to provide travel documents for Mr. Archilla. (Doc. 6-1, ¶ 17). In his objections, Mr. Archilla asserts that he "never claimed that he was born in Jamaica. He claimed his mother was born in Jamaica." (Doc. 12, p. 15).[2]

In his objections, Mr. Archilla contends that his mother told him that he was born in Ontario, Canada and that she did not give him a copy of his birth certificate.

---

Archilla's custody under his federal criminal sentence ended. For purposes of this discussion, the Court will assume that his BOP custody ended on December 21, 2017, when he was transferred to the Etowah County Detention Center in Alabama. (Doc. 6-1, ¶¶ 5-6, 13).

[2] Janet Lopez, a case manager for the federal correctional facility where Mr. Archilla was housed in Georgia, provided ICE officers with reports from the institution which state that Mr. Archilla indicated to employees of the correctional facility that he and his mother were from St. Croix, United States Virgin Islands. Ms. Lopez also explained that Bureau of Prisons records indicate that Mr. Archilla's correct identity is Dwight Michael Ried and that he is from Jamaica. (Doc. 6-1, ¶ 18).

He asserts that his mother was illiterate, that she may have been confused about his place of birth, and that she no longer is alive to provide citizenship information. (Doc. 12, pp. 13-14). Mr. Archilla submits that he "has made and is still making good-faith effort [sic] in support of ICE's removal effort . . . ." (Doc. 12, p. 16).

After several unsuccessful attempts to determine Mr. Archilla's country of origin, ICE officers met with him and explained that they needed accurate information about his identity to obtain identification documentation for him. (Doc. 6-1, ¶ 21). As of the date that ICE submitted its evidence in this case, Mr. Archilla had not provided additional information to ICE officials to assist ICE in his removal. (Doc. 6-1, ¶ 21).

## III.

In his objections, Mr. Archilla criticizes efforts that ICE officials have made to identify his country of citizenship, but Mr. Archilla does not challenge ICE's assertion that Canadian and Jamaican officials have not been able to find identifying information for Mr. Archilla in their records. (Doc. 6-1. ¶¶ 11, 17). To the extent that Mr. Archilla challenges ICE's purported use of hearsay to try to determine Mr. Archilla's citizenship, the objection is without merit. *See Vidinski v. Lynch*, 840 F.3d 912, 917 (7th Cir. 2016) (permitting use of hearsay in immigration proceedings).

4

In his objections, Mr. Archilla contends that "ICE intentionally failed to inform the Court" that ICE agents "talked to [] people" who "supplied information to ICE." (Doc. 12, p. 16). Mr. Archilla attached to his objections notarized statements from three individuals who indicate that they know Mr. Archilla. (Doc. 12, pp. 23-28). None of the statements identifies Mr. Archilla's country of origin. Two of the statements refer to Mr. Archilla's potential removal to Canada, but neither of those statements indicates that Mr. Archilla is a citizen of Canada, and, again, Mr. Archilla does not dispute ICE's assertion that Canadian officials have been unable to find information that indicates that Mr. Archilla is a citizen of Canada.

In his objections, Mr. Archilla asserts that he "has not thwarted the efforts of the government to deport him," (Doc. 12, p. 21), but the evidence before the Court says he has. Mr. Archilla is in the best position to help ICE officials determine his country of origin based on his correct legal identity. If Mr. Archilla wishes to develop a record to support a habeas petition, he should cooperate fully with ICE officials and document the information that he provides to ICE officials to support their effort to remove him. The analysis of the applicable law in the magistrate judge's report should help Mr. Archilla understand the efforts that he must make to assist ICE agents before he may meet the requirements for constitutional relief from his custody.

## IV.

For the reasons stated above, the Court overrules Mr. Archilla's objections, adopts the magistrate judge's report, and accepts the magistrate judge's recommendation. The Court will enter a separate order dismissing Mr. Archilla's petition without prejudice. The Court asks the Clerk to please serve a copy of this memorandum opinion and the accompanying final judgment on Mr. Archilla and counsel of record.

**DONE** this 31st day of January, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE